Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 201215-187778
DATE: October 29, 2021

ORDER

Entitlement to benefits under 38 U.S.C. § 1805 and 38 C.F.R. § 3.814 for a child born with spina bifida is denied.

Entitlement to benefits under 38 U.S.C. § 1815 and 38 C.F.R. § 3.815 for a child born with birth defects is denied.

FINDINGS OF FACT

1. The Veteran does not have a form of spina bifida.

2. The appellant's biological mother is not a veteran.

CONCLUSIONS OF LAW

1. The criteria for establishing entitlement to benefits under 38 U.S.C. §§ 1805 for a child born with spina bifida have not been met. 38 U.S.C. §§ 1805; 38 C.F.R. § 3.814.

2. The criteria for establishing entitlement to benefits under 38 U.S.C. §§ 1815 for a child born with covered birth defects have not been met. 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, now deceased, served on active duty from January 1951 to January 1953. The appellant asserts he is the veteran's son.

The decision on appeal was issued in January 2020 and constitutes an initial decision. Therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the January 2020 decision, the agency of original jurisdiction (AOJ) administratively denied two claims: (1) entitlement to benefits for a child born with spina bifida; and (2) entitlement to benefits for a child born with birth defects.

In the December 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

The Board is required by law to review appeals in docket order unless "other sufficient causes" have been shown to advance a case on the docket. 38 U.S.C. § 7107. Here, given the special processing of spina bifida related appeals, the Board has considered the benefit to the appellant, the impact on other claimants that would result from advancing this case, and the impact on other claimants that would result if the case is not advanced, and has decided that advancement on the docket for the sole purpose of rendering this decision is fair and appropriate at this time. Specifically, expediting these appeals will "produce fair, efficient, timely, [and] effective review of appeals," and promote "fairness in adjudications among and between veterans" given the special docketing considerations related to spina bifida related appeals. See Ramsey v. Nicholson, 20 Vet. App. 16, 34 (2006); see also 38 U.S.C. § 7107(a)(2)(C), 38 C.F.R. § 20.900(c)(1). 

1. Entitlement to benefits under 38 U.S.C. § 1805 and 38 C.F.R. § 3.814 for a child born with spina bifida.

2. Entitlement to benefits under 38 U.S.C. § 1815 and 38 C.F.R. § 3.815 for a child born with birth defects.

Issues 1-2: The appellant asserts he is entitled to compensation as a child born with spina bifida, hydrocephalus (aqueductal hydrocephalus stenosis), degenerative disc [disease], and a borderline intellectually disability as his father served in the Korean War. He asserts he was diagnosed with hydrocephalus at the age of 14 and it came from spina bifida. He also wore braces on his legs when he was a kid. His father was the only one whom could have been exposed [to herbicide agents]. He is currently receiving social security benefits "on his father's account." See VA Form 21-0304 Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans (October 2019) and Correspondence (February 2020 and September 2020).

A. Applicable Law

VA compensation benefits are only payable to a child of a veteran under limited circumstances based on exposure during active duty to herbicide agents in Vietnam, Korea, or Thailand. VA will provide certain benefits, including monthly monetary allowance, for an individual who suffers from a form or manifestation of spina bifida and whose biological father or mother is a Vietnam veteran or had covered service in Korea or Thailand. See 38 U.S.C. §§ 1802, 1805; 38 C.F.R. § 3.814; see also 72 Fed. Reg. 32,395 (June 12, 2007) and 79 Fed. Reg. 20,308 (April 14, 2014) (both providing that benefits for birth defects other than spina bifida may not be presumed based on Vietnam-era herbicide agent exposure of parents). 

VA will also provide certain benefits for an individual with a disability from certain birth defects whose mother is a Vietnam veteran. See 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815.

The term "Vietnam veteran" means a person who performed active military service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, without regard to the characterization of the person's service. 38 C.F.R. § 3.814(c)(1).

To qualify for a monthly allowance on the basis of other birth defects, the appellant must show that the veteran who was exposed to herbicide agents is his or her mother. 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815.

Spina bifida is the only birth defect which warrants an award of monetary benefits based on the herbicide agent exposure of a veteran who is the father of the child at issue. Jones v. Principi, 16 Vet. App. 219, 225 (2002). 

For purposes of benefits under 38 U.S.C. § 1805, "the term 'spina bifida' means any form and manifestation of spina bifida except spina bifida occulta." 38 U.S.C. § 1802; 38 C.F.R. § 3.814 (c)(4). See Jones v. Principi, 16 Vet. App. 219 (2002) (holding that the plain language of 38 U.S.C. § 1802 does not limit the definition to spina bifida per se but includes other "forms and manifestations" of spina bifida except for spina bifida occulta).

B. Analysis- Spina Bifida

The preliminary question remaining before the Board is whether the appellant has a form of spina bifida, other than spina bifida occulta.

After a full review of the record, the Board finds that the preponderance of the evidence is against a finding that the appellant has any form of spina bifida.

In August 2019, VA received private medical treatment records (MTRs) that show the appellant had a medical history of the following conditions: acromioclavicular joint arthritis, atrophic condition of skin, back ache, degenerative intervertebral disc (cervical), elevated blood-pressure, essential hypertension, external hemorrhoids, hill sachs deformity, infraspinatus tendinitis, partial tear of left rotator cuff, personal history of tobacco use, sciatica, back pain, and neck pain. 

August 2019 private MTRs also contained a neurologic consultation where the physician noted the appellant had a ventriculoperitoneal shunt placed at age 14 after he suffered from repeated syncopal episodes, headaches, nausea, vomiting. He was discovered to have hydrocephalus. The appellant responded well to the shunt and had been free from neurologic problems for decades; however, over the last few weeks, he began experiencing a whistling noise

September 2019 private MTRs contain a surgical report that shows the appellant underwent a ventriculoperitoneal shunt revision after presenting with hydrocephalus and malfunctioning VP shunt (with the shunt placed in the abdomen under direct visualization).

Yet, the record is silent as to a diagnosis or treatment for any form of spina bifida.

The Board notes VA received three lay statements in support of the claim in December 2019 and January 2020. The first statement is an affidavit, authored by E.D. who asserts the appellant is the child of the deceased veteran. The second statement was authored by J.B., who attested the appellant had to wear braces on his legs due to his father's agent orange exposure to herbicides "used in some war." The third statement was authored by C.B., who attested the appellant was the child of the Veteran who served in the Korean War, and at the age of eight or nine months was required to wear braces on his legs for approximately two years.

Although the appellant, J.B., and C.B., assert the appellant had to wear braces on his legs due to his father's herbicide agent exposure, they are not competent to opine that he has a form or manifestation of spina bifida as this is a complex medical matter that is not susceptible to lay observation. See Jandreau v. Nicholson, 492 F.3d. 1372 (2007); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). The affidavit from E.D. does not address the etiology of the appellant's condition. Therefore, these opinions have no probative value. 

In order to receive benefits under 38 U.S.C. § 1805, it must be shown that the appellant has a form or manifestation of spina bifida, other than spina bifida occulta. There are a number of causes of childhood hydrocephalus. Without evidence that the appellant has a form of spina bifida, the claim cannot be granted.

As the preponderance of the evidence is against a finding that the appellant has ever had a form of spina bifida, there is no legal basis on which to grant benefits in this instance. Accordingly, the claim for benefits under 38 U.S.C. § 1805 for a child born with spina bifida is denied.

C. Analysis- Birth Defects

Concerning the claim for benefits for a child born with birth defects, the only question before the Board is whether the appellant's mother is a veteran exposed to herbicide agents in Vietnam.

Here, the evidence does not show, and the appellant has not asserted, that his mother is a Vietnam veteran. On the contrary, in the original application for benefits, the box is checked "no" for his mother having any Vietnam service. See VA Form 21-0304 Application for Benefits for Certain Children with Disabilities Born of Vietnam and Certain Korea Service Veterans (September 2019).

The appellant also submitted four articles in support of his claim for entitlement to compensation for birth defects in February 2020, March 2020, and September 2020. The list of the articles are as follows: (1) an undated single-page print out, entitled "Children with Other Birth Defects" where he drew an arrow at hydrocephalus due to aqueductal stenosis; (2) an article is entitled "USFK sprayed defoliant from 1955 to 1995, new testimony suggests," dated May 31, 2011; (3) an undated screen print out entitled, "Birth defects linked to Agent Orange"; and (4) an article entitled "agent orange effects being seen in grandchildren of Vietnam war Veterans" dated February 27, 2019 authored by WJBF staff. See Correspondence (1) & (2) (February 2020) and Correspondence (September 2020). Yet, these articles are afforded no weight because the law is dispositive; there is no legal basis to establish entitlement to benefits under 38 U.S. C. 1815 without evidence that the appellant's mother is a Vietnam veteran. 

To qualify for a monthly allowance based on covered birth defects, the appellant must show that the veteran, who was exposed to herbicide agents, is his biological mother. 38 U.S.C. §§ 1812, 1815; 38 C.F.R. § 3.815. However, that is not established in this case. 

Based on the foregoing, the Board finds the appellant does not meet the requisite criteria for eligibility for benefits under 38 U.S.C. § 1815 for a child born with covered birth defects. The appellant has not asserted that his mother is a veteran who served in Vietnam. As he is not the child of a biological mother who is a Vietnam veteran, the appellant does not qualify for a monthly allowance based on covered birth defects. 38 U.S.C. §§ 1811, 1812, 1815; 38 C.F.R. § 3.815. Without a showing that the appellant's mother is veteran exposed to herbicide agents, there is no legal basis on which to grant benefits in this instance.

The Board is sympathetic to the appellant's medical conditions and grateful for the Veteran's honorable service to his country. However, it must apply the law as promulgated and is bound by VA regulations. See Owings v. Brown, 8 Vet. App. 17, 23 (1995) (providing that the Board must apply the law as it exists and is not permitted to award benefits based on sympathy for a particular appellant). As the law is dispositive of the issue on appeal, the claim must be denied because of the absence of legal merit or entitlement under the law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

 

C.A. SKOW

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Pendleton, N.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.